FILED

2008 Mar-11  AM 11:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **WANDA E. STANDFIELD AND** )<br>**ROBERT STANDFIELD, JR.,** )<br> )<br> **Plaintiffs,** )<br> )<br>**v.** )<br> )<br>**FLEET GLOBAL SERVICES AND** )<br>**CHARLES A. WATSON,** )<br>**INDIVIDUALLY AND JOINTLY,** )<br> )<br> **Defendants.** ) | **Case No.:  2:07-CV-2307-VEH** |

---

## MEMORANDUM OPINION

### I.    INTRODUCTION

Plaintiffs Wanda E. Standfield and Robert Standfield, Jr. (the "Standfields") originally filed this personal injury case in  the Circuit Court of Jefferson County, Alabama, on November 2, 2007.  (Doc. #1 ¶ 1).  Defendant Fleet Global Services ("Fleet") removed this litigation to this court on December 20, 2007, asserting diversity under 28 U.S.C. § 1332 as the basis for federal jurisdiction.  (Doc. #1 ¶ 8).[1] Because the court *sua sponte* concludes that it lacks subject matter jurisdiction on the

---

[1]In the Notice of Removal, Defendant Fleet asserts, on information and belief, that Defendant Charles Watson ("Watson") had not been served as of the date of the Notice.

grounds of diversity, the case is due to be remanded to the Circuit Court of Jefferson County.

## II.    SUBJECT MATTER JURISDICTION

### A.    General Principles

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of South Alabama v. The American Tobacco Co., et al.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted). "Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id*. (internal citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868)).

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte*

whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Furthermore, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties.  Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (internal footnotes and citations omitted).  Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that - with the limited exception of civil rights cases that have been removed  - orders of remand by district courts are insulated from review.  Section 1447(d) provides:

> An order remanding a case to the State court from which it was removed
> is not reviewable on appeal or otherwise, except that an order remanding
> a case to the State court from which it was removed pursuant to section
> 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d); *see also Kirchner v. Putnam Funds Trust*, 126 S. Ct. 2145

3

(2006) (holding that "where the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand.") (citing *Briscoe v. Bell*, 432 U.S. 404, 413-14 (1977)); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2418 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

### B.    Diversity Jurisdiction

Fleet premises its removal upon this court's diversity jurisdiction.  "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)).  Therefore, removal jurisdiction based upon diversity requires:  (1) a complete diversity of citizenship between the plaintiffs and the defendants; and (2) satisfaction of the amount in controversy requirement.

### 1.    Citizenship Requirement

Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth.*, 22 F.3d 1559,1564 (11th Cir.

1994).  "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

The problem with citizenship in this case lies with the individual defendant, Watson.   The notice of removal states that Watson is, "on information and belief," a resident of Georgia.  (Doc. #1 ¶ 6).  Moreover, nowhere does the notice of removal indicate what Watson's <u>citizenship</u> is.

Furthermore, the complaint alleges that Watson resides in Georgia (Doc. #1 at Ex. A at Compl. ¶ 2), but Watson's answer denies that he is a resident of Georgia. (Doc. #9 ¶ 2).  Thus, the face of the complaint and the notice of removal fail to provide the court with any affirmative declarations of the citizenship of Watson.  In the absence of any allegations as to Watson's state of citizenship, complete diversity has not been shown, and this court lacks subject matter jurisdiction on this basis.

## 2.   Amount in Controversy Requirement

Regarding amount in controversy, "when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties."  *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citing *Snyder v. Harris*, 394 U.S. 332, 334 (1969)). Today, the threshold amount in controversy for diversity jurisdiction, excluding

interests and costs, is $75,000.  28 U.S.C. § 1332.

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (2000); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).

In assessing the propriety of removal, "the court considers the documents received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1211.  In *Lowery*, the Eleventh Circuit was at a loss to determine by what means it could make an informed assessment of the amount in controversy because the damages were unspecified and only the bare pleadings were available. *Id*. at 1210.

Similarly, in this case, the court finds that the allegations of the amount in controversy made in the notice of removal coupled with the unspecified damages contained in the complaint are insufficient to establish satisfaction of the amount in controversy requirement.  In its notice of removal, Fleet unpersuasively maintain that

6

even though Plaintiffs have failed to assert any specific monetary amounts and have similarly omitted any description of their injuries, the amount in controversy of $75,000.00 is met.  (Doc. #1 ¶ 9).  While Fleet cites to several reported jury verdicts (only one of which arises out of Jefferson County) that purportedly "involv[e] similar facts and injuries" (*see id.* ¶ 11), because the Standfields have not described their injuries, there is no underlying basis for Fleet (or this court) to determine that the verdicts relied upon are fairly representative of the value of the Standfields' case.

Additionally, this case involves two (2) plaintiffs.  Multiple plaintiffs' damages typically cannot be aggregated to create the amount in controversy unless the lawsuit arises under the Class Action Fairness Act ("CAFA").  *See Smith*, 236 F.3d at 1300 n.6 ("Generally, when plaintiffs join in one lawsuit, the value of their claims may not be added together, or 'aggregated,' to satisfy the amount in controversy requirement for diversity jurisdiction."); *see also Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301, 94 S. Ct. 505, 512, 38 L. Ed. 2d 511 (1973).  Accordingly, the claims of at least one of the Standfields must exceed the amount in controversy threshold for the court to assert jurisdiction. *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 559, 125 S. Ct. 2611, 2620, 162 L. Ed. 2d 502 (2005) (holding that if the claims of a single plaintiff meet the jurisdictional threshold, the court may assert supplemental jurisdiction over additional plaintiffs' claims).

While this court recognizes that the requisite amount in controversy might exist, "[i]f the court asserts jurisdiction on the basis of the defendant's speculative assertions, it implicitly accepts rank speculation as reasonable inquiry [per Rule 11]. This could undermine the requirement of reasonable inquiry not only in removal situations, but also in other contexts." *Lowery*, 483 F.3d at 1215 n.67.

As *Lowery* explains, "the district court has before it only the limited universe of evidence available . . . [and] if that evidence is insufficient to establish that removal was proper or that jurisdiction is present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id*. at 1214-15; *see also Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978) (holding that "it was not open for defendants to attempt to show" the requisite amount in controversy per capita where the complaint made insufficient allegations, "[n]or was it open to the district court to speculate that such was in fact the case.").[2]  "Under § 1446(b), the operative document must unambiguously establish federal jurisdiction."  *Belkin v. Home Depot U.S.A., Inc.*, No. 07-61368-CIV, 2007 WL 4247685, at *1 (S.D. Fla. Dec. 3, 2007) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214 (11th Cir. 2007) (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) ("holding

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

that the document must be 'unequivocally clear and certain'")).

Therefore, "jurisdiction is either evident from the removing documents or remand is appropriate." *Lowery*, 483 F.3d at 1211. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Id*. at 1215. Accordingly, Fleet has not satisfied its preponderance of evidence standard by unambiguously establishing the amount in controversy as mandated under *Lowery*, and the case is due to be remanded for lack of subject matter jurisdiction for this additional reason.

## III.   CONCLUSION

Therefore, for the reasons set forth above, the court lacks subject matter jurisdiction, and the case is due to be remanded. Accordingly, an order will be entered remanding the case to the Circuit Court of Jefferson County.

**DONE** and **ORDERED** this the 11th day of March, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

9